IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation, | Case No. 3:19-cv-01286-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| NORTHWEST SURGICAL DEVELOPMENT OF PORTLAND, LLC, dba ATHENIX BODY SCULPTING INSTITUTE, a California limited liability company, NORTHWEST SURGICAL DEVELOPMENT COMPANY, INC., a Washington corporation, ARIC AGHAYAN, M.D., LESLIE TAYLOR, JAMES HAEFNER, KRISTIN HOUSTON, SANDRA CAPUSAN-JULIANO, CARMEL CARRASCO, ANTOINETTE SMITH-CARRASCO, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Kinsale Insurance Company ("Kinsale") filed this action for declaratory relief against Northwest Surgical Development of Portland, LLC ("NSD"), Northwest Surgical Development Company, Inc. ("NSDC"), Aric Aghayan, M.D. ("Dr. Aghayan"), Leslie Taylor

PAGE 1 – OPINION AND ORDER

("Taylor"), James Haefner ("Haefner"), Kristin Houston ("Houston"), Sandra Capusan-Juliano, Carmel Carrasco, and Antoinette Smith-Carrasco. Kinsale seeks declaratory relief that it has no duty to defend or indemnify NSD or the other defendants named in state court litigation currently pending in Multnomah County Circuit Court. NSD, on behalf of NSDC, Taylor, Haefner, and Houston (collectively, the "NSD Defendants") have moved to dismiss the complaint, or in the alternative, to stay these proceedings until the underlying state court litigation has resolved. (ECF No. 39.)

The Court has jurisdiction over Kinsale's claims pursuant to 28 U.S.C. § 1332, and all parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. §636. For the reasons explained below, the Court grants the NSD Defendants' motion to stay.

## BACKGROUND

Kinsale issued Management Liability Policy No. 0100057600-1 (the "Policy") to NSD and NSDC on October 4, 2018. (Compl. ¶ 14.) In its Employment Practices Liability Coverage Section, the Policy provides that Kinsale "will pay 'loss'" only if "[p]rior to the effective date of [the] Policy, no 'insured' had knowledge of any 'wrongful act' that could reasonably give rise to a 'claim' made under [the] Policy[.]" (*Id.*)

On March 21, 2019, NSD provided notice to Kinsale of complaints against NSD and Dr. Aghayan filed with the Bureau of Labor and Industries ("BOLI") alleging sexual harassment and discrimination. (Compl. ¶ 15.) NSD requested that Kinsale assign defense counsel to respond to the BOLI claims. (*Id.*) Kinsale agreed to assign defense counsel subject to a reservation of rights. (*Id.*)

Kinsale allegedly later learned that NSD had knowledge of the facts and circumstances underlying the sexual harassment and discrimination claims prior to the inception of the Policy

PAGE 2 – OPINION AND ORDER

on October 4, 2018, but failed to disclose those facts in its application. (*Id.*) Kinsale withdrew its defense of the BOLI claims. (Compl. ¶ 18.)

The BOLI complainants filed two actions in Multnomah County, one naming NSD and Dr. Aghayan, and the other also naming Taylor, Haefner, and Houston. (Compl. ¶¶ 19-20.) NSD tendered its defense for both actions to Kinsale, but Kinsale disclaimed coverage. (Compl. ¶ 21.) NSD asked Kinsale to reconsider its coverage position, but Kinsale refused. (Compl. ¶ 24.)

## DISCUSSION

### I.   MOTION TO STAY

#### A.   Legal Standards

"'A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.'" *Makaneole v. SolarWorld Indus. Am., Inc.*, 3:14-cv-1528-PK, 2018 WL 679638, at *2 (D. Or. Feb. 2, 2018) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) and citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "In considering a motion to stay, a court must consider three factors: (1) potential prejudice to the non-moving party, (2) hardship and inequity to the moving party if the action is not stayed, and (3) the judicial resources that would be saved." *Reynolds v. Geico Corp.*, No. 2:16-cv-01940-SU, 2017 WL 815238, at *2 (D. Or. Mar. 1, 2017) (citing *CMAX, Inc.*, 300 F.2d at 268 and *Or., ex rel. Kroger v. Johnson & Johnson*, No. 11-cv-86-AC, 2011 WL 1347069, at *2 (D. Or. Apr. 8, 2011)).

#### B.   Analysis

The NSD Defendants move to stay this action pending resolution of the state court litigation, on the ground that they will be prejudiced if forced simultaneously to litigate the same issues in both state and federal court, and that a stay will not prejudice Kinsale because it has

PAGE 3 – OPINION AND ORDER

already disclaimed its duty to defend and cannot resolve the indemnity claim until the state cases resolve. The Court agrees.

First, with respect to Kinsale's request for declaratory relief on its duty to indemnify the NSD Defendants, "Oregon district courts typically wait until the underlying litigation is resolved and liability is determined before ruling on an insurer's duty to indemnify." *Scottsdale Ins. Co. v. Ortiz & Assocs., Inc.*, No. 3:13-cv-01791-AA, 2014 WL 1883653, at *3 (D. Or. May 9, 2014) (citing *Country Mut. Ins. Co. v. Larson,* No. 08–6154–TC, 2010 WL 1039790, at *5 (D. Or. Feb. 26, 2010); *Evraz Or. Steel Mills, Inc. v. Cont'l Ins. Co.,* No. CV 08-447-JE, 2009 WL 789658, at *11–12 (D. Or. Mar. 20, 2009); and *Travelers Prop. Cas. Co. of Am. v. Martella,* No. CV-04-176-ST, 2004 WL 1375283, at *6 (D. Or. June 18, 2004)). To determine Kinsale's duty to indemnify the NSD Defendants, this Court will be required to determine whether and when the NSD Defendants became aware of the alleged sexual harassment and discrimination, an issue that is also central to the NSD Defendants' defense in the state litigation. Absent a stay, the NSD Defendants will suffer prejudice by being forced simultaneously to litigate the same issues in both courts, and risk inconsistent rulings. See *Ortiz Assocs., Inc.*, 2014 WL 1883653, at *4 ("[T]o determine Scottsdale's duty to indemnify, this Court would have to review facts in the underlying lawsuit, which essentially creates duplicative litigation[.]")

Kinsale, on the other hand, will suffer no prejudice from a stay of these proceedings, as the Court cannot resolve its duty to indemnify until the state cases have resolved. See *City of Medford v. Argonaut Ins. Grp.*, No. 1:06-03098-PA, 1:11-cv-03037-PA, 2011 WL 6019429, at *1 (D. Or. Dec. 1, 2011) ("Pending resolution of the ongoing state court proceedings, I reserve ruling on whether defendants have a duty to indemnify."). As such, staying further litigation in

PAGE 4 – OPINION AND ORDER

this court is a better use of judicial and the parties' resources.[1] *Reynolds*, 2017 WL 815238, at *5 (explaining that waiting for the underlying action to resolve would "simplify the issues before the Court and thereby conserve judicial resources").

With respect to whether this case should proceed on Kinsale's duty to defend claim only, litigating these related matters piecemeal is also not an efficient use of resources. *See Or. Nat. Desert Assoc. v. Freeborn*, No. CV 06-1311-MO, 2007 WL 9658100, at *2 (D. Or. June 19, 2007) ("[I]t would not be efficient to allow some claims to go forward while others do not."). Kinsale will not suffer prejudice by waiting to resolve its duty to defend until this Court resolves its duty to indemnify, as Kinsale has already denied coverage and is not currently incurring fees or costs in connection with the state litigation. Kinsale has not identified any need to resolve the coverage issue before the state cases resolve, and a stay here would benefit Kinsale by allowing it to retain the benefit of its chosen forum. *See Reynolds*, 2017 WL 815238, at *4 (granting the defendant's motion to stay where "[t]he potential prejudice to plaintiff of a stay is minimal").

Balancing the relevant factors, the Court concludes that a stay of this action is appropriate until the underlying state litigation resolves.

## II.    MOTION TO DISMISS

The NSD Defendants alternatively move to dismiss the case, but acknowledge that Kinsale has the right to seek the declaratory relief at issue here. *See Gov't Emps. Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir. 1998) ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." (citation omitted)). Rather than dismiss this case and

---

[1] Kinsale proposes that the Court could minimize any inefficiencies by allowing the parties here to rely on discovery in the state cases, but the parties can just as easily access the state court discovery once those cases resolve.

PAGE 5 – OPINION AND ORDER

require Kinsale to refile once the state litigation resolves, the Court concludes that a stay is more appropriate here.

## CONCLUSION

For the reasons stated, the Court DENIES the NSD Defendants' motion to dismiss, but GRANTS the NSD Defendants' motion to stay (ECF No. 39). The parties shall notify the Court once the state court litigation is resolved, and the Court will lift the stay.

**IT IS SO ORDERED.**

DATED this 15th day of October, 2020.

*Stacie F. Beckerman*
HON. STACIE F. BECKERMAN
United States Magistrate Judge